Reese, J.
delivered the opinion of the court.
We are of opinion that the charge of the circuit court is erroneous. It was the duty, by law, of this guardian not only to have collected annually the hire of the negro for the whole nine years, but also each year, to have lent out the proceeds, and annually to have collected the interest upon such loan, and to have reloaned it, if not necessary for the education and support of his ward. This was his duty by law, and this duty he entirely omitted. If he had been sued by his ward upon his guardian bond or a bill had been filed in chan- *420 eery against him for an account, could he have turned the plaintiff round in either case, with the objection stated in the charge of the court,” .there is your debtor, he is solvent, sue him.” Will it not be readily perceived that in large estates such a course would be utterly ruinous for a ward. The guardianship might last twenty years; there might be much real estate, many negroes &cv; upon his.coming of age, the guardian addresses him' thus. “I have collected nothing, I have re-* ported nothing, and I have taken no securities, but here are the tenants of your land,- here are those who hired your ne-groes; they are.all solvent, you are not barred by the statute of limitations, and can sue them and recover.” Would not such a cause be alike subversive of the purpose of guardianship and of the rights of the ward ?
But in this case, if the legal liability of the defendant to the plaintiff, before the giving the note were doubtful, still' if the defendant, feeling that as guardian he had alike mistaken his duty and the rights of his ward, and deeming it improper for him to involve him who had been his ward in litigation with Vowell, as to a claim which . he himself should have investigated, if feeling thus, and believing as well he might, that he was placed under a moral obligation to give the note in question, this would constitute a sufficient consideration to sustain an express promise. See Chitty on Contracts 10, 11: 2 Black. Com. 445: 3 Bosan and Pul. 544, note, 13 John. R. 259: 5 Bingham 417.
The judgment therefore will he reversed and a new trial be had in the circuit court.
Judgment reversed.